# No. 24-1163

___

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

___

In re: U LOCK INC.,

                                                                                                                        Debtor.

CHRISTINE BIROS,

        Movant-Appellee,

        v.

GEORGE SNYDER,

        Respondent-Appellant

___

Appeal from Judgment of the United States District Court for the Western District of Pennsylvania, 23-civil-691 (Hon. Cathy Bissoon, U.S.Dist. Judge), affirming the Order of the United States Bankruptcy Court for the Western District of Pennsylvania at 22-bk-20823 (Hon. Gregory Taddonio, Chief U.S.Bk. Judge)

___

## GEORGE SNYDER'S INFORMAL BRIEF

___

GEORGE SNYDER
PO BOX 15
IRWIN PA  15642
(412) 979-9999
georgecsnyder@pm.me

APPELLANT

# CONTENTS

Contents………………………………………………………………………….. 02

Citations……………………………………………………………………………….. 02

Argument ………………………………………………………………………………..03

Conclusion ………………………………………………………………….. 11

Combined Certifications………………………………………………………… 12

# CITATIONS

## LAWS:

11 USC 303……………………………………………………………………………….09

11 USC 507(a)……………………………………………………………………….04

United States Constitution, Article III………………………………………………passim

## DECISIONS:

*AI International Holdings v. MUFG Union Bank N.A.,* 595 B.R. 455 (Bk. D. Del. 2018)...5

*Biros v. Snyder*, 2:23cv297 (W.D. Pa.)……………………………………………….6

*FDA v. Alliance for Hippocratic Medicine* , 602 US 367 (2024)………………………….3

*Golden v. Zwickler*, 394 U.S. 103, 109-10 (1969)………………………………………9

*In re: U Lock*, 2024 WL 3154602 (Bank. W. Pa. June 24, 2024)…………………….passim

*Lujan v. Defenders of Wildlife* , 504 U.S. 555, 560 (1992)…………………………….5

*O'Shea v. Littleton* , 414 U.S. 488, 497 (1974)………………………………………9

TransUnion LLC v. Ramirez , 594 U. S. 413, 423 (2021)……………………………….4

*United States v. Texas* , 599 U. S. 670, 675 (2023)………………………………….3

Whiteley v. Slobodian , 592 B.R. 798 (Bank. M.D. Pa. 2018)………………………….5

*Every party played a role in transforming an otherwise simple chapter 7 case that should have been fully administered within a few months into an **endless slog of litigation**.*" In re: U Lock, 2024 WL 3154602 *2 (Bank. W. Pa. June 24, 2024).

As shown below, it is time to end this "endless slog of litigation" by not allowing a party with no actual standing to pursue objections to claim when they will suffer no injury and where the objection is moot because they withdrew their competing unsecured creditor objections and because zero dollars are available to unsecured creditors.

I. **BIROS LACKS STANDING TO OBJECT TO SNYDER'S CLAIM BECAUSE SHE WILL NOT BE HARMED SINCE SHE WITHDREW ALL OF HER UNSECURED CLAIMS**

The United States Supreme Court continues to instruct the federal courts to examine standing and that "Article III standing is a 'bedrock constitutional requirement that [the Supreme] Court has applied to all manner of important disputes.'" *United States v. Texas*, 599 U. S. 670, 675 (2023); *FDA v. Alliance for Hippocratic Medicine*, 602 US 367 (2024). Yet, here, Christine Biros asserts that any creditor in a bankruptcy can continue to dispute any other claim by other creditors <u>even though that creditor withdrew the unsecured claims that provided standing</u> and will not be affected in any way by Appellant's claim. Biros even goes so far to

suggest that this appeal is moot, but wants to keep her objection intact for undisclosed tactical reasons.

However, "to obtain a judicial determination of what the governing law is, a plaintiff must have a 'personal stake' in the dispute." *TransUnion LLC v. Ramirez*, 594 U. S. 413, 423 (2021). Biros has no personal stake in whether Appellant's claim will be allowed.

Biros maintains an administrative expense claim entitled to priority pursuant to 11 USC 507(a)(1)(C) in the *U Lock* bankruptcy. The claim is for the debtor's possession of property during the administration of the Estate.[1] In other words, Biros will be paid first, then unsecured creditors like George Snyder's claim would be paid. 11 USC 507(a)(3).

Biros **withdrew** all of her unsecured claims. Specifically, the docket sheet shows, "02/09/2024 552 Default Order Granting Motion to Withdraw Claims 2, 3 and 4 without prejudice (Related Doc # 530) Signed on 2/9/2024. (culy) (Entered: 02/09/2024) 02/09/2024 553 Claim Status Correction- Claims 2, 3 and 4 of Christine Biros withdrawn w/o prejudice per Order dated 2/9/2024. (RE: related document(s): 552 Default Order

---

[1] While Appellant objected and appealed the allowance, that objection is based on the amount because the Estate paid the property taxes for Biros during the same time period, not because the administrative claim is not appropriate. If Appellant's objection is sustained, it will reduce the amount, not eliminate it.

on Motion to Withdraw Document). (culy) (Entered: 02/09/2024)." *See* App. II, p. 066, bankruptcy court docket entries 552 and 553.

Biros admits she withdrew all of her unsecured claims. See Biros Brief at page 18 (ECF page 25).

Biros cites cases within 4 *Collier on Bankruptcy* 502.02(d) (16th Ed.) to imply any creditor can object and litigate the claims of other creditors – even though it will not affect her monetarily. The first case cited is *AI International Holdings v. MUFG Union Bank N.A.*, 595 B.R. 455 (Bank. D. Del. 2018). In *AI International*, the court recognized that standing still required injury and redress: "Article III standing requires only that (1) the Plaintiff suffer an actual or imminent injury in fact; (2) a causal connection exists between the Defendant's conduct and the Plaintiff's injury; and (3) there is a likelihood of redress by a favorable decision of the court. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)." In *AI International* the plaintiff had pending non-contingent bankruptcy claims which conferred standing. In this case, Biros withdrew her claims and even if she did not withdraw them, unsecured creditors will not be paid.

Furthermore, Biros cites *Whiteley v. Slobodian*, 592 B.R. 798 (Bank. M.D. Pa. 2018) which is one of the few cases allowing a creditor to

dispute other creditor claims. Even if this case were to be followed and adopted in this Circuit, the creditor in that case had claims on equal par as the other claimant. In this case, Biros withdrew her unsecured claims and therefore has no potential injury from Appellant's unsecured claim.

## II. BIROS RECOGNIZES HER OBJECTION IS MOOT

Biros recognizes that there will be no distribution to unsecured creditors in the underlying bankruptcy case and that the claim does not harm her. However, she suggests that the appeal is moot instead of her objection. *See* Biros Brief, page 26-30 (ECF Pages 33-37). Biros states she does not object to this Court dismissing the appeal as "moot," recognizing the waste of time her objection to Appellant's claim is. But it is her objection that is moot, not the claim.

It is not for Appellant to withdraw the appeal and this appeal is not moot. The decision below harms Appellant and adjudicates facts without him having been afforded a hearing that will affect later litigation. In fact, Biros sued Appellant for RICO calling his claim bankruptcy fraud. *Biros v. Snyder,* 2:23cv297 (W.D. Pa.). In addition, the facts may prevent Appellant from raising claims against others for his lost time. The outcome of the objection harms Appellant.

On the other hand, the objection is moot and the simple solution is to remand the case to vacate the Order as moot, not to dismiss the appeal as moot.

### III. BIROS' PURSUIT OF HER OBJECTION IS BASED ON PERSONAL ANIMOSITY, NOT HARM TO HER

The motive of Biros' objection to the claim of Appellant despite her not having any standing is based on personal animosity, not any legitimate objective. On June 24, 2024, the bankruptcy court explained: "[...] it is unsurprising that this case has been unreasonably contentious and driven by personal animosity. That said, there are no angels here. Every party played a role in transforming an otherwise simple chapter 7 case that should have been fully administered within a few months into an endless slog of litigation." *In re: U Lock,* 2024 WL 3154602 (Bank. W. Pa. June 24, 2024). In that decision, the bankruptcy court fined and sanctioned Biros for moving property belonging to the Estate.

This Court should not aid and abet the "endless slog of litigation" that Biros' objection to an unsecured claim creates – especially considering she withdrew all of her unsecured claims and will not be harmed even if there was money to distribute to unsecured creditors. However, to make matters worse, nothing will be distributed to unsecured creditors making

her objection without any benefit whatsoever to the bankruptcy Estate, the parties, or the judicial system. It is just furthering her "endless slog of litigation" that she pays her attorneys to pursue.

### IV. BIROS' DISCUSSION OF ADMINISTRATIVE CLAIMS AND DEBT OWED TO THE TRUSTEE DO NOT CONTROL THE RAISED ISSUES

Appellant explained that the bankruptcy court may lack jurisdiction over the entire case because it disallowed the claim filed by the sole petitioning creditor. This means there was no basis to issue an Order for Relief.

Biros suggests to this Court that the "Trustee remains in place and is entitled to compensation for the work he continues to perform. No funds have been distributed to Ms. Biros on her administrative claim."

If the Bankruptcy Court continues to administer the Estate, both the Trustee and the Biros administrative claim would be paid <u>before</u> any unsecured creditor as explained above, so none of these factors weigh in favor of Biros' objection to Appellant's proof of claim being adjudicated on the merits when said objection is moot and there is no standing to pursue the objection.

If Biros is suggesting that administrative claims are a reason for the bankruptcy court to retain jurisdiction of the bankruptcy court after it disallowed the claim filed by the sole petitioning creditor, statutory jurisdiction is just that. 11 USC 303 requires a petitioning creditor with an undisputed claim. Since the bankruptcy court found no valid claim by this petitioning creditor, it simply had no jurisdiction to conduct any proceedings in the case that liquidate the debtor.

## V. BIROS POSSIBLY REINSTATING HER DISMISSED CLAIMS CONSTITUTE SPECULATIVE CONJECTURE

Biros states at page 30 (ECF page 37) of her brief that she "is not foreclosed from reinstating her unsecured claims and may well do so." This is entirely speculative and demonstrates the "endless slog of litigation" that the bankruptcy court refers to. To withdraw the claims, and then suggest that she might reinstate them to save her from the lack of standing to pursue the objection and create more litigation is in bad faith. Speculative claims that a proposed may result in injury to a plaintiff are insufficient to confer standing. See O'Shea v. Littleton, 414 U.S. 488, 497 (1974). The required injury must be both real and immediate, not conjectural or hypothetical. See Golden v. Zwickler, 394 U.S. 103, 109-10 (1969).

Biros cannot assert that she might decide to bring back her dismissed claims in the future just to obtain an advisory opinion from this Court.

## VI. CONCLUSION

For the reasons in the opening brief and above, the decision of the bankruptcy court allowing Christine Biros to object to the unsecured claim filed by Appellant must be reversed. This Court may remand the case for a full evidentiary hearing on Appellants' claim, it may remand with instructions to dismiss the objection for lack of standing and mootness, or it can find the entire bankruptcy jurisdiction eviscerated upon the holding that the sole involuntary bankruptcy petitioner's claim was invalid as explained in the opening brief.

Respectfully submitted,[2]
*/s/ George Snyde*
George Snyder
PO Box 15
Irwin PA  15642
georgecsnyder@pm.me
(412) 979-9999

APPELLANT

---

[2] Biros, searching everywhere for a gotcha moment, complains that the metadata in the pdf indicates the author was a third party. Biros misunderstands the nature of a computer file. The owner of the template is often shown. In Biros' brief, the owner is listed as Sarah Weinrich, an attorney that fled the overly litigious Bernstein law firm over a year ago and did not author the brief. In other words, the metadata is meaningless and absurd to point out.

# COMBINED CERTIFICATIONS

I, George Snyder, hereby certify as follows:

1. Bar Membership. This brief is *pro se.*

2. Word Count and Typeface. This reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1599 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using OpenOffice 14-point, Arial.

3. Service. I certify that on the 18th day of September 2024, I filed this brief with the Clerk of United States Court of Appeals for the Third District via the Court's CM/ECF system, which will cause service on all counsel and parties of record, who are registered as CM/ECF users.

4. Identical Compliance of Brief. The text of the electronically filed brief and the text of the paper copies are identical.

5. Virus Check. A virus check has been performed on the PDF file containing the brief. The virus check was completed using AVG Free Antivirus 2024 and no viruses were found.

*/s/ George Snyder*
George Snyder
PO Box 15
Irwin PA  15642
georgecsnyder@pm.me
(412) 979-9999

APPELLANT