**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1163
_____

In re: U LOCK, INC.,
                                  Debtor

GEORGE SNYDER,
                                  Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:23-cv-00691)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2025
Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed January 27, 2025)
_____

OPINION[*]
_____

PER CURIAM

      This appeal is one of several stemming from bankruptcy proceedings concerning debtor U Lock, Inc.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

George Snyder, Christine Biros, and others formed U Lock to pursue a real estate development opportunity. To that end, Biros lent U Lock $325,000 to purchase commercial property on Route 30 in North Huntingdon Township, Pennsylvania.

The property was not developed as envisioned. U Lock instead purported to operate a storage facility on the property.

It appears that U Lock never filed tax returns, or executed written leases with its storage tenants, or generated much revenue. According to Snyder, U Lock had no salaried employees, and though it paid its contractors amounts less than the threshold for filing IRS Form 1099s, records of those payments have disappeared.[1]

Because, moreover, U Lock failed to repay Biros on the loan, she took the company to court. A bench trial in the Westmoreland County Court of Common Pleas resulted in the imposition of a constructive trust on the subject property and a transfer of ownership to Biros. U Lock appealed without success. See Biros v. U Lock Inc., 255 A.3d 489 (Pa. Super. Ct. 2021), allocatur denied 271 A.3d 875 (table) (Pa. 2022).

Not long after, Snyder's sister, Shanni Snyder, forced U Lock into bankruptcy by filing an involuntary Chapter 7 petition, pursuant to 11 U.S.C. § 303(b)(2). In initial filings in the Bankruptcy Court, Shanni listed herself as the sole creditor, based on a default judgment she had obtained against U Lock in an action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. Shanni valued her claim at $375,100.

---

[1] All references to "Snyder" in this opinion are to the appellant, George Snyder.

U Lock did not respond to the petition. The Bankruptcy Court entered an order designating Snyder and his brother Kash Snyder as principals of U Lock. Creditor schedules were filed by U Lock's counsel, and none listed Snyder.

Thereafter, Snyder, who was U Lock's majority shareholder, filed a claim against the estate for $99,000, the basis for which he fully described at the time as follows: "wage, fair labor standards." App'x Vol. II at 72. At no point did Snyder ever formally amend his claim.

Biros objected to Snyder's claim on multiple grounds, including that the claim was deficient in description and defective under the FLSA.[2] In response, Snyder explained that he filed his claim after researching "Shanni Snyder['s] claims and how vast and broad the FLSA was," and argued that the FLSA "covers me even though I was an officer and owner" because "I did a lot of work." App'x Vol. II at 575. Snyder appended a declaration that included a back-of-the-envelope calculation of his unpaid wages, were he considered an employee of U Lock. That calculation was not consistent with Snyder's original claim.

At a hearing on Biros's objection (and on various other matters), the Bankruptcy Court summarized the parties' arguments and asked Snyder if there was anything else he

---

[2] A bankruptcy case is "an aggregation of individual controversies," 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–43 (16th ed. 2019), including "core proceedings" defined by statute, see 28 U.S.C. § 157(b). An objection, like Biros's, to a claim made against the bankruptcy estate is an example of a "core" proceeding that the Bankruptcy Court has statutory jurisdiction to adjudicate under § 157(a). See 28 U.S.C. § 157(b)(2)(B).

wished the court to consider. Snyder replied under oath that the only thing he would add is that the bankruptcy trustee "and I were talking about amending the schedules, so I could have amended that part as well." App'x Vol. II at 586.

The Bankruptcy Court entered an order sustaining Biros's objection. In setting forth its reasoning during the hearing, the Bankruptcy Court first observed that Snyder's claim was "just a bare bones claim. It does not have any supporting documentation substantiating the amounts claimed, or breakdown of the time periods, or the time frames by which the wages were accrued, and so under [In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir. 1992)], I find that it's not entitled to prima facie validity." App'x Vol. II at 587. The Bankruptcy Court added that Snyder did not have a viable claim for unpaid wages under § 206 of the FLSA, either because the statute exempts "mom-and-pop" establishments (like U Lock) from coverage, see 29 U.S.C. § 203(s)(2); see also Velez v. Sanchez, 693 F.3d 308, 327 (2d Cir. 2012), or because the claim was time-barred, see 29 U.S.C. § 255(a).

The Bankruptcy Court also observed that Snyder's claim might not have been for unpaid wages at all, but instead for "lost sweat equity or capital contributions that were provided through his labor and efforts" (which are not recoupable under the FLSA). App'x Vol. II at 588. Finally, the Bankruptcy Court found compelling the fact that Snyder's claim "conflict[s] with sworn statements [regarding U Lock's workforce] that were given elsewhere in this case, particularly with respect to the schedules and

testimony at the [meeting of creditors under § 341 of the Bankruptcy Code] and in other sworn declarations." App'x Vol. II at 588-89.

Snyder appealed to the District Court pro se and argued that the Bankruptcy Court misapplied the FLSA and should have held an evidentiary hearing. The District Court rejected those arguments and affirmed the Bankruptcy Court's order.[3] Still proceeding pro se, Snyder has now appealed to this Court.[4]

Having reviewed the record and Snyder's arguments on appeal, we determine that Snyder has presented no valid basis on which to disturb the judgment of the District Court.[5] In particular, while Snyder contends that he was entitled to a full evidentiary

---

[3] The District Court had appellate jurisdiction under 28 U.S.C. §§ 158(a)(1) and 1334.

[4] We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "We give plenary review to a decision of a district court sitting as an appellate court in a bankruptcy proceeding. Therefore, we review the Bankruptcy Court's findings of fact under the clearly erroneous standard and conclusions of law under a *de novo* standard." In re Mintze, 434 F.3d 222, 227 (3d Cir. 2006) (internal citation and quotations omitted).

[5] Snyder primarily argues that because (1) the U Lock bankruptcy was initiated by Shanni's filing an involuntary petition, and (2) Biros's objection to Shanni's claim underlying the petition was thereafter sustained, see In re U Lock, Inc., BK No. 22-bk-20823, 2024 WL 878464, at *1 (Bankr. W.D. Pa. Feb. 29, 2024) ("In ten years, the Court has never held a stronger conviction that a fraud was perpetrated upon the court as it is following an evidentiary hearing on Shanni Snyder's claim."), "there never existed subject matter jurisdiction" in the first place, Br. 7, the Bankruptcy Court's decision to sustain the objection to *his* claim was "just some weird form of an advisory opinion," Br. 25-26, and all of the Bankruptcy Court's rulings are nullities. Per Snyder, there are no extant claims capable of animating the involuntary petition. But cf. 11 U.S.C. § 303(c); Canute S.S. Co. v. Pittsburgh & W. Va. Coal Co., 263 U.S. 244, 248-49 (1923). At the same time, Snyder stresses that "this appeal is not moot" (and we agree). Reply Br. 6. To

hearing to develop his defense against Biros's objection, he fails to identify any witnesses that would have testified favorably at such a hearing or describe what evidence he would have produced that would have altered the conclusion reached by the Bankruptcy Court.

Furthermore, and largely for the reasons given by the Bankruptcy Court, we agree with its dispositive determination that Snyder failed to carry his initial burden of alleging facts sufficient to support the claim for $99,000 in allegedly unpaid wages. See In re Allegheny Int'l, Inc., 954 F.2d at 173. Accordingly, we will affirm.

---

support his jurisdictional argument, Snyder relies on a since-abrogated holding of the Second Circuit in In re BDC 56 LLC, 330 F.3d 111 (2d Cir. 2003). See In re Zarnel, 619 F.3d 156, 167-69 (2d Cir. 2010) (explaining that, after Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), In re BDC 56 LLC "is no longer good law").

In any event, we do not reach the merits of Snyder's jurisdictional argument, which does not implicate this Court's appellate jurisdiction, and which was not preserved via presentment to the District Court. See Taha v. County of Bucks, 862 F.3d 292, 299 (3d Cir. 2017).